FILED at 4:22 P.M.
Oct. 13, 20 11

Courtroom Deputy/Scheduling Clerk
U.S. District Court
Middle District of Georgia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     DOCKET NO. 1:11-CR-11 |
| v. | : |
| | : |
| SEAN T. PETROFF | : |
| | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and SEAN T. PETROFF, hereinafter referred to as "Defendant", and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the government's evidence.

Page 1 of 11

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the government would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738

(2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to:

- **Count One of the Indictment which charges the Defendant with Coercion and Enticement in violation of 18 U.S.C. § 2422(b).**

(B) **Statutory Penalty:** Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

following penalties:

- **a mandatory minimum statutory penalty of Ten (10) years imprisonment, up to a maximum possible term of life,**
- **a maximum fine of $250,000.00, or both,**
- **a term of supervised release of at least five (5) years, up to supervision for life,**
- **and a mandatory assessment of $100.00.**
- **The defendant also understand that following his conviction and sentencing in this matter he will be required to register as a sex offender and that failure to do so and to keep his registration updated could subject him to further prosecution under 18 U.S.C. § 2250 ("Failure to Register.")**

(C) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(D) Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by

Page 4 of 11

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

this agreement forever waives any right to an appeal or any other court review of Defendant's sentence, and Defendant's waiver includes any attack on the District Court's sentence. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then Defendant shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence. The defendant retains the right to make a collateral attack based on ineffective assistance of counsel.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of Defendant's sentence, then Defendant shall have the right to cross-appeal from the sentence.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)  That he will accept the plea of guilty by Defendant as provided in

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant.

**(B)   The government will move to dismiss Count Two of the Indictment, Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) at the time of sentencing.**

(5)

This plea agreement does not limit the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and Defendant, by and

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

**Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that the following facts are true and could be proven beyond a reasonable doubt at a trial:**

In September 2009, Deputy Tommy Goodwin, Lee County Sheriff's Office, created the screen name "mary.meyers13@yahoo.com" to use in undercover offenses involving child exploitation. Petroff, who used the screen name "Sam Newson," exchanged Yahoo instant messages with Mary/Deputy Goodwin. There was no sexual content in the initial messages Sam Newson/Petroff sent. In August 2010, he understood he was communicating with a 14 year old who lived near him in Lee County, within this Court's jurisdiction. On August 9, 2010, Sam Newson/Petroff contacted Mary Meyers/Deputy Goodwin and began enticing her to have sex with him using Yahoo instant messenger, and these messages were sent in interstate commerce via the internet.

Page 7 of 11

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

The enticement took place via Yahoo instant messenger from August 9 until August 13, 2010. On the 13th Petroff wrote in a text message sent to Mary that if he got caught he could go to jail or prison. Defendant Petroff was using an instrumentality of interstate commerce, an interactive computer network, to entice a minor to commit a violation of § 16-6-4(a)(1), Official Code of Georgia. The statute provides as follows: "A person commits the offense of child molestation when such person does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 13th day of October, 2011.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

Defendant's Initial's

Defense Co. Initial's

AUSA's Initial's

Page 8 of 11

BY: _____
JIM CRANE
ASSISTANT UNITED STATES ATTORNEY

I, SEAN T. PETROFF, read this agreement or had this agreement read to me by my attorney, NICOLE WILLIAMS. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
SEAN T. PETROFF
DEFENDANT

I, NICOLE WILLIAMS, attorney for Defendant SEAN T. PETROFF, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
NICOLE WILLIAMS
ATTORNEY FOR DEFENDANT

Page 10 of 11

_____          _____
Defendant's Initial's     AUSA's Initial's

_____
Defense Co. Initial's