IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SEAN T. PETROFF, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **1: 13-CV-90159 (WLS)** |
| | : | 28 U.S.C. § 2255 |
| | : | **1: 11-CR-11 (WLS)** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

Petitioner=s Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed with the Clerk on January 25, 2013, is before this Court for a recommendation of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

Petitioner was indicted in this Court on March 9, 2011. (Doc. 1). The indictment charged Petitioner with one count of coercion and enticement of a minor, and one count of possession of child pornography. During the relevant period, Petitioner was represented by Nicole Williams of the Federal Defenders Office. On October 13, 2011, Petitioner entered into a Plea Agreement with the Government and pled guilty to Count One of the indictment, coercion and enticement of a minor. (Docs. 49, 50). Petitioner was sentenced to a term of imprisonment of 120 months on January 26, 2012. (Docs. 54, 59). Petitioner filed a Waiver of Right to File Notice of Appeal on February 6, 2012. (Doc. 63).

**Petitioner's § 2255 Claims**

In his § 2255 motion, Petitioner alleges (1) that trial counsel rendered ineffective assistance of counsel by failing to conduct adequate preliminary and pretrial investigations; (2) that trial "[c]ounsel rendered ineffective assistance of counsel by failing to attack the veracity of the statements in the search warrant affidavit or request a *Franks* hearing in his motion to suppress"; and (3) that "[t]rial counsel was ineffective for failing to challenge the technical deficiencies of the search warrant affidavit."  (Doc. 66).

**Discussion**

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  If a prisoner's 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.*

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).  "In the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary

2

because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea." *Woolsey v. United States*, 2011 WL 195412, *2 (M.D.Fla., Jan. 20, 2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). "Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea." *Sinkfield v. United States*, 2013 WL 2659925, *5 (S.D. Ga. June 10, 2013) (citing *United States v. Broce*, 488 U.S 563, 574 (1989)).

The Constitution requires "that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *U.S. v. Ruiz*, 536 U.S. 622, 629 (2022) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A court accepting a guilty plea must ensure that a defendant "(1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *U.S. v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (internal enumeration omitted). The Supreme Court has determined that "the representations of the defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner appeared before the Honorable W. Louis Sands, U.S. District Judge, on October

13, 2011 to enter a guilty plea to the charge of coercion and enticement of a minor. (Doc. 69). The Court placed Petitioner under oath and proceeded to inform Petitioner as to the charge to which Petitioner was pleading guilty, the mandatory minimum and maximum terms of imprisonment, and the maximum possible fine associated with this charge. (*Id.* at p. 14, l. 13 – p. 15, l. 14). Petitioner testified that he understood the charge and the possible penalty that could be imposed. (*Id.*).

The Court then explained each element of the charge of coercion and enticement of a minor, and that the Government would have to prove each element beyond a reasonable doubt. (*Id.* at pp. 17-21). Petitioner testified that he understood what had to be proved, and he stated that he had no questions. (*Id.*). The Court provided a detailed explanation of Petitioner's rights to a jury trial, the plea process, sentencing, and his right to appeal; Petitioner stated that he understood each explanation. (*Id.* at pp. 21-34). The Government stated the facts that it could present at trial, and Petitioner affirmed that the factual statement made by the Government fairly described Petitioner's involvement in the case. (*Id.* at pp. 35-36).

The Court asked Petitioner a series of questions regarding counsel's representation, and whether Petitioner and counsel had discussed Petitioner's constitutional rights and the charges against him. (*Id.* at pp. 10-11).

> THE COURT: All right. Did you receive a copy of the indictment in this case?
> DEFENDANT PETROFF: Yes, I did.
> THE COURT: And did Ms. Williams, your lawyer, discuss and explain those charges to you?
> DEFENDANT PETROFF: Yes, she did.
> THE COURT: Did she explain to you your legal and constitutional rights?
> DEFENDANT PETROFF: Yes, she did.

> THE COURT:   Up to this point in the case, and, of course, I know we had a matter that was heard privately between The Court and you and Ms. Williams on the record and those matters we discussed.  At that time, The Court gave you its determination, so other than those matters, are you otherwise satisfied with the representation of Ms. Williams by you - - of you by her up to this point in the proceeding?
> DEFENDANT PETROFF:   Yes, I am.
> THE COURT: Now, there has been described to The Court a written plea agreement between you and the government.  I believe we met here in Court a little over an hour earlier, while you were in the process of reviewing that, and The Court gave you additional time to review that to be satisfied that you fully understand it and that you had adequate time to discuss it and review it with your lawyer.  Now, just for the record, did you receive a copy of that agreement?
> DEFENDANT PETROFF: Yes.
> THE COURT: Have you had sufficient opportunity, on the reocrd (sic) . . . Have you had an adequate opportunity, for the record, to discuss and review that document fully with your attorney?
> DEFENDANT PETROFF: Yes.

(*Id.* at p. 10, l. 10 – p. 11, l. 19).

Petitioner then entered a plea of guilty to Count 1.   (*Id.* at p. 37, l. 25 – p. 38, l. 5). Petitioner testified that he was pleading guilty freely, voluntarily and of his own free will, with no one having threatened, coerced, or attempted to force him to plead guilty.   (*Id.* at p. 38, ll. 6-13). The Court ultimately accepted Petitioner's guilty plea, finding that there was a legal and factual basis for the guilty plea, and that the plea was freely and voluntarily entered.   (*Id.* at p. 36, ll. 20-23; p. 38, l. 24 – p. 39, l. 1).

"A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984) (emphasis in original).   Upon the entry of a guilty plea, a defendant "may not thereafter raise independent claims relating to the

5

deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

In his Motion to Vacate, Petitioner has only asserted claims of ineffective assistance of counsel that arose prior to his change of plea. (Doc. 66). These claims have no bearing on the issue of jurisdiction, and thus have been waived by Petitioner's guilty plea. *See Yunis*, 723 F.2d at 769; *Sinkfield*, 2013 WL 2659925 at *6. Furthermore, Petitioner does not assert that his plea was not knowingly and voluntarily entered, or that his counsel was ineffective regarding Petitioner's decision to plead guilty. As shown above, Petitioner's plea of guilty was knowingly and voluntarily entered, and Petitioner testified that he was satisfied with the representation he received from his counsel. Petitioner's claim that his counsel was ineffective prior to the change of plea hearing is belied by his statements made during the plea colloquy. *See Blackledge*, 431 U.S. at 73-74 ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, Petitioner has failed to establish that counsel rendered ineffective assistance.

## Conclusion

Petitioner has failed to show that his attorney rendered ineffective assistance of counsel prior to his plea of guilty. Thus, it is the recommendation of the undersigned that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

*Evidentiary Hearing*

Petitioner has requested an evidentiary hearing.   (Doc. 67).   "It is the general rule in this circuit that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record."   *Vicks v. U.S.*, 730 F.2d 707, 708 (11th Cir. 1984).   However, a "hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.   Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record."   *Holmes v. U.S.*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. U.S.*, 588 F.2d 519 (5th Cir. 1979)).

As discussed above, the Court finds that Petitioner's claims are affirmatively contradicted by the record.   Thus, no evidentiary hearing is necessary in this case, and Petitioner's request for a hearing is hereby **DENIED**.

*Motion to Amend (Doc. 72)*

On April 1, 2013, Petitioner filed a Motion to Amend.   (Doc. 72).   Pursuant to 28 U.S.C. § 2255(f), there is a one (1) year statute of limitations for filing a § 2255 petition.   However, a habeas petition may be amended as provided by Rule 15 of the Federal Rules of Civil Procedure.   *Mayle v. Felix*, 545 U.S. 644, 649 (2005).   If the amended pleading is filed after the statute of limitations has run, the newly asserted grounds must relate back to the original habeas petition.

*Id.* Federal Rule of Civil Procedure 15(c)(1)(B) addresses amended pleadings, and states in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out B or attempted to be set out B in the original pleading[.]" *See also Mayle*, 545 U.S. at 649.

Judgment was entered on February 1, 2012 in Petitioner's criminal case. (Doc. 59). Petitioner had fourteen (14) days to file a Notice of Appeal. Fed. R. App. P. 4(b)(1)(A). As Petitioner waived his right to appeal, the statute of limitations began to run fourteen (14) days after Judgment was entered, or on February 15, 2012. (*See* Doc. 63). Petitioner had one year, or until February 15, 2013, to file his Motion to Vacate. On January 23, 2013, Petitioner timely filed his Motion to Vacate, and Petitioner filed his Motion to Amend on March 25, 2013. (*See* Docs. 66, 72). The Motion to Amend was not timely filed, and therefore, to be included in his original Petition, the new ground must relate back to the original Petition.

To relate back to the petition, there must be "a common core of operative facts uniting" the original grounds and the newly asserted grounds. *Mayle*, at 658. Furthermore, "the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Petitioner filed his original Petition raising three grounds of ineffective assistance of counsel based on conduct that occurred prior to the change of plea hearing. (Doc. 66). Petitioner=s Motion to Amend asserts that trial counsel was ineffective for failing to properly explain the plea agreement to Petitioner, and explain the rights he was waiving. (Doc. 72).

8

The core operative facts of Petitioner's original Petition relate to trial counsel's conduct during the initial stages of representation, all prior to the change of plea. The ground asserted in Petitioner's Motion to Amend relates to events which occurred during the change of plea phase of Petitioner's case. The newly asserted ground does not relate to the core operative facts, but is a separate occurrence in both time and type. There are no claims in the original Petition to which Petitioner's newly asserted ground relates back. *See e.g., Espinosa v. U.S.*, 330 Fed. Appx. 889, 892 (11th Cir. 2009) (newly raised claims of ineffective assistance of counsel relating to pre-trial conduct did not relate back to the original claims of ineffective assistance of counsel which were based on counsel's performance during specific moments of the trial and sentencing proceedings); *Davenport v. U.S.*, 217 F.3d 1341, 1346 (11th Cir. 2000) (holding the petitioner's newly asserted claims of ineffective assistance of counsel did not relate back to the original petition when the original petition did not mention the activity alleged in the new ineffective assistance of counsel claims).

As the ground raised in Petitioner's Motion to Amend does not relate back to the grounds raised in the original Petition, Petitioner's Motion to Amend is hereby **DENIED**. In his Motion to Amend, Petitioner also included additional factual allegations related to the failure to investigate claim raised in his original Petition. The Court did consider those additional factual allegations in issuing the above-stated Recommendation.

**SO ORDERED AND RECOMMENDED**, this 19th day of September, 2013.

                                        s/ ***THOMAS Q. LANGSTAFF***
                                        UNITED STATES MAGISTRATE JUDGE

llf